Martha K. Rich *v.* David P. Black, Milton I. Baird, and Ledlie Gloninger, doing business as Black & Baird and Daniel H. Barr, Appellants.

*Appeals—Equity—Accounts.*

On an appeal in an equity case of account where the liability to account is in issue, all questions relating to such liability will be considered as having been finally settled by the appellate court, and such questions cannot be considered on a subsequent appeal in the same case on a decree following an accounting.

Argued Feb. 17, 1897. Appeal, No. 187, Oct. T., 1896, by defendants, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1895, No. 820, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill in equity for an account.

The case was previously reported in 173 Pa. 92, where the facts appear.

The court entered the following decree:

And now, to wit: September 22, 1896, this cause came on to be heard upon the report of George W. Williams, referee appointed to take testimony and state an account, and find what portion of the land remains unsold, in accordance with the opinion and decree of the court, and upon hearing of the exceptions filed by the plaintiff and defendants to said report, and the same having been duly argued by counsel, upon consideration it is ordered, adjudged and decreed:

That the said exceptions be dismissed and the report and account stated by the referee be and is hereby confirmed.

That the defendants, D. P. Black, Milton I. Baird and Ledlie Gloninger, doing business under the firm name of Black & Baird, do now pay to the said plaintiff, Martha K. Rich, eleven thousand eight hundred and twenty-three dollars and eighty cents ($11,823.80) with interest thereon from July 1, 1896, to be paid within three months after this date.

That the defendants do now make or cause to be made by due assignment and transfer, full right and title in the said Martha K. Rich, the plaintiff, in the agreements and mortgages named and referred to in the schedule of the referee's report headed "Mortgages and Agreements," to wit: The agreement of Fred Waggoner with interest from September 18, 1895, and of William N. Anderson for lot No. 22 with interest from January 1, 1896, and of Miss Mary Conahan for lot No. 27 with interest from November 26, 1895, and of R. E. & S. Frazier assigned from Andrew Trent for lot No. 59 with interest from January 1, 1896, and from C. N. Risacher for lots Nos. 65 and 66 with interest from November 6, 1895, and from Ebenezer Dunn for lots Nos. 67, 68 and 69 with interest from November 6, 1895, and bonds and mortgages as follows: Two from Kate Sullivan assigned through C. K. Fox on lots 120 and 41, and two from Kate Sullivan assigned to C. M. Harbaugh on lots 19 and 42; and the mortgage of William H. Whitfield upon lot No. 70 as recited in the said schedule, and in all moneys, bonds and securities held therefor, the amount of the same as stated in said schedule being as of July 1, 1896, thirty-five hundred and seventy-two dollars and seventy cents

($3,572.70), and that of all moneys, principal and interest, received by the defendants, or any of them, under the said agreements and mortgages of the amounts specified in the said schedule, the same shall be immediately paid over to the plaintiff by the said defendants, together with any interest received thereon, and duly credited by the plaintiff upon the amount due upon said several agreements and mortgages as set forth in the said schedule.

That the defendant, Daniel H. Barr, do make good and sufficient deeds to the vendees under the said agreements for the purchase of lots named and specified in the said schedule of mortgages and agreements, and receive therefor, in the name and for the plaintiff, Martha K. Rich, such bonds and mortgages or other securities as by said agreements may be called for, and the same immediately assign and transfer to said plaintiff.

That the said Daniel H. Barr, of the defendants, do now execute to Martha K. Rich, the plaintiff, a good and sufficient deed in fee simple, reciting therein the decrees and orders of this court, for the lots found remaining unsold, and being lots numbered thirty-two, thirty-three, thirty-six, thirty-seven, thirty-eight, forty-four, fifty, fifty-one, fifty-two, fifty-three, fifty-four, fifty-five and sixty-four (Nos. 32, 33, 36, 37, 38, 44, 50, 51, 52, 53, 54, 55, and 64), in a plan of lots laid out by said Daniel H. Barr, and recorded as his plan of lots in plan book, vol. 11, page 42, in the recorder's office of the county of Allegheny, Pennsylvania.

And it is further ordered that the fee of the referee be and is hereby fixed at the sum of five hundred ($500) dollars and that the said defendants pay the same together with costs of this case.

*Error assigned* among others was decree as above, quoting it.

*J. S. & E. G. Ferguson,* for appellants.

*M. A. Woodward,* for appellee.

PER CURIAM, May 24, 1897:

This case was before us in November, 1895, on defendants' appeal from the decree of July 6, 1895, adjudging and decreeing " that Daniel H. Barr be and is hereby held as trustee of

the property described in the bill and of the portions remaining unsold," and ordering " that Black & Baird, to wit, Milton I. Baird, J. L. Gloninger and David P. Black account to the plaintiff for the moneys and property received from the sale of this land that has been conveyed by the plaintiff to Daniel H. Barr as set forth and described in the pleadings," and sending the case to a " referee to take testimony and state an account," etc.: Rich v. Black & Baird et al., 173 Pa. 92.

It is a mistake to suppose that the questions involved in that appeal were not all definitively settled by our affirmance of said decree and remittance of the record to the court below for further proceedings. If there is any merit whatever in the provision for appeal "in equity cases of account where the liability to account is in issue," it must be in the fact that all questions relating to such liability will be thus finally settled by the appellate court before further proceedings are had in the trial court.

So far, therefore, as the specifications of error relate to questions that were involved in the former appeal, they may be dismissed without further remark.

As to those involving questions that have arisen since the affirmance of the former decree, a careful consideration of the record has satisfied us that there is no error in any of them of which the defendants have any just reason to complain. We are constrained to think the defendants were very considerately and leniently dealt with by the learned referee and court below.

We find nothing in the assignments of error that requires special notice. They are all dismissed.

Decree affirmed and appeal dismissed at the defendants costs.